UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


AUTHOR R. TURNER                    ]
        Plaintiff,                  ]
                                    ]
v.                                  ]        No. 3:10-1224
                                    ]        JUDGE HAYNES
ROBERT E. COOPER, et al.            ]
        Defendants.                 ]


M E M O R A N D U M


        Plaintiff, a inmate at the Morgan County Correctional Complex
in Wartburg, Tennessee, filed this pro se action under 42 U.S.C. §
1983 against the Defendants: Robert Cooper, Attorney General for
the State of Tennessee; and John Bledsoe, an attorney in the Office
of the Tennessee Attorney General; seeking injunctive relief and
damages.

        In November, 1995, Plaintiff pled guilty in Davidson County to
especially aggravated kidnapping, aggravated robbery, and two
counts of aggravated rape. For these crimes, he received an
aggregate sentence of forty (40) years in prison. Exhibit B; Docket
Entry No.1.

        Plaintiff filed a habeas corpus petition in the Circuit Court
of Morgan County challenging the legality of his sentences. The
petition was summarily dismissed. On appeal, though, the dismissal
was reversed and the case was remanded back to the Morgan County

Circuit Court. The Circuit Court Judge apparently then granted the petition and sent the case to Davidson County for resentencing. _Id._

Plaintiff's claims are that the defendants violated is constitutional rights by refusing to sign orders "that would have released him to Davidson County for either trial or to enter into a plea agreement with the State of Tennessee."

Prosecutors enjoy absolute immunity from liability for conduct within the scope of their prosecutorial duties. _Imbler v. Pachtman_, 424 U.S. 409, 430 (1976). The defendants, representing the State in the course of the Plaintiff's habeas corpus proceeding, have acted within the scope of those duties. Therefore, Plaintiff has failed to state a claim against the defendants for damages.

Plaintiff also seeks injunctive relief in the form of a transfer to the custody of Davidson County officials. This Court, however, lacks jurisdiction to intervene in an ongoing state habeas corpus proceeding to order the transfer of an inmate. That is a matter that should be addressed to the Circuit Court Judge who ordered the Plaintiff's return to Davidson County. As a consequence, the Plaintiff has failed to state aclaim for injunctive relief.

Given the individual defendants' absolute immunity from liability and this Court's lack of jurisdiction over Plaintiff's transfer claim, the Court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss this action _sua_

*sponte.* 28 U.S.C. § 1915(e)(2)(B)(iii).

An appropriate order is filed herewith.

WILLIAM J. HAYNES, JR.
United States District Judge

*1 — 3 — 11*